UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL T. WALSH,<br><br>  Plaintiff,<br><br>  v.<br><br>APRIL STEWART<br><br>  Defendant. | Case No. 2:15-cv-2185-TLN-KJN<br><br>**SUA SPONTE REMAND ORDER** |

**I.   Background**

On August 20, 2015, Plaintiff Daniel T. Walsh filed an unlawful detainer action in the Superior Court of California, County of El Dorado. Defendant April Stewart removed the action to this Court on October 21, 2015. (Def. Not. Removal, ECF No. 1.)

In the superior court action Defendant's answer to Plaintiff's complaint for unlawful detainer "was based on a defective Notice to Pay Rent or Quit" under California Code of Civil Procedure § 1161(2). (ECF No. 1 at 2.) Defendant's stated basis for removal is:

- "Notwithstanding said violation of Code of Civil Procedure § 1161(2), the Superior Court for the County of El Dorado did not sustain the Answer." (ECF No. 1 at 2.)
- "Federal question exists because [of] Defendant's Answer, a pleading depending on the determination of Defendant's rights and Plaintiff's duties under federal law." (ECF No. 1 at 2.)

1

- "Wherefore, [Defendant] respectfully remove[s] this action … pursuant to 28 United States Code §§ 1331 and 1441." (ECF No. 1 at 3.)
- "This Action is removable to the instant Court because it originally could have been filed in this Court pursuant to 28 U.S.C. § 1441(a) and/or (b). The complaint presents federal questions. Supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367.

## II.   Analysis

28 U.S.C. § 1441(a) permits the removal to federal court of any civil action of which "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441 provides two paths to removal: 1) federal question jurisdiction under 28 U.S.C. § 1331; and 2) diversity jurisdiction under 28 U.S.C. § 1332.  Under the well-pleaded complaint rule, "federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Removal under diversity jurisdiction requires that the parties be of citizens of different states and that the amount in controversy exceeds the sum or value of § 75,000.  28 U.S.C. § 1332.  Further, under 28 U.S.C. § 1367, in a civil action in which this court has original jurisdiction, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction."

   The Court has fully stated herein the arguments contained in the removal notice.  With respect to federal question, the stated basis is that Defendant's answer to the unlawful detainer complaints depends on an adjudication of rights and duties under federal law.  However, a federal question must be present on the face of complaint. *Caterpillar*, 482 U.S. 386.  The Court finds Defendant has not presented a federal question on the face of the complaint.  With respect to diversity jurisdiction, the unlawful detainer complaint lists California addresses for the two parties, and a request for past-due rent of $1,100 and forfeiture of the rental agreement. (ECF No. 1 at 6, 8.)  Therefore, the requirements for diversity jurisdiction are not met.  Because the complaint presents no basis for original jurisdiction, there is no basis for this Court to exercise supplemental jurisdiction under 28 U.S.C. § 1367.

1       For the foregoing reasons, this matter is REMANDED to the Superior Court of California,
2  County of El Dorado.  Defendant's motions to proceed in forma pauperis (ECF Nos. 2 & 3) are
3  DENIED AS MOOT.

5  Dated:  October 27, 2015

                                        Troy L. Nunley
                                        United States District Judge